Billy G. WELLMAN, Secretary Justice
Cabinet, Commonwealth of
Kentucky, Appellant,

v.

Terry BLANTON; Mike Dowell; David
Gordon; Eugene Hoofer; Horace John-
son; Paul Joiner; Richard Kirby; Terry
Moore; James Napper; Larry Pearl;
Jerry Phelps; Terrance Pollard; Jim
Schaeffer; Terry Scott; Paul Sexton;
Audrey Spies; Gordon Turner; Mike
Waldrop; Mike Wallace; Brian Ward;
and Ed Wilson, Appellees.

No. 94–CA–1899–MR.

Court of Appeals of Kentucky.

Feb. 9, 1996.

Case Ordered Published by
Supreme Court Aug. 21, 1996.

Heidi Engel, Frankfort, for appellant.

Greg N. Stivers, Deborah Tomes Wilkins,
Bowling Green, for appellees.

Before COMBS, GUDGEL and
JOHNSON, JJ.

*OPINION*

GUDGEL, Judge:

The sole issue in this appeal is whether the
trial court erred by determining that campus
police officers employed by Western Ken-
tucky University's (WKU's) Public Safety
Department are entitled to share in the dis-

tribution of funds from the Kentucky Law Enforcement Foundation Program fund (KLEFP fund) which is administered by appellant. We agree with appellant's contention that the court's finding is erroneous. Hence, we reverse and remand.

This action concerns the interpretation of certain provisions of KRS Chapter 15, which pertains to a variety of separate and distinct law enforcement-related subjects. Each of the chapter's separate sections includes a title describing the legislative subject matter included therein. Specifically, the section enumerated as KRS 15.410 through KRS 15.510 creates and governs the KLEFP fund. Within that section KRS 15.460 mandates that each local unit of government which is eligible to participate in the KLEFP shall receive a supplement of $2,500 for each qualified "police officer" which it employs. Moreover, within that section KRS 15.420(1) specifically defines "local unit of government" as "any city or county, or any combination of cities and counties of the Commonwealth," and KRS 15.420(2) defines "police officer" as including "a full-time member of a lawfully organized police department of county or city government" but excluding "any other peace officer not specifically authorized in KRS 15.410 to KRS 15.510."

WKU's Public Safety Department applied for KLEFP funds for its campus police officers, who are the appellees herein. However, appellant denied participation to appellees because their employer, WKU, was not a local unit of government as defined in KRS 15.420(1), and appellees themselves were therefore not "police officers" as defined in KRS 15.420(2) for purposes of KLEFP fund participation. This action followed. Eventually, the trial court rendered a judgment finding that appellees were entitled to participate in the KLEFP. This appeal followed.

Appellant contends that the court erred by finding that appellees are eligible to participate in the KLEFP. We agree. Indeed, as we view the matter appellees' arguments in support of their position are clearly devoid of merit.

■ In the first place, contrary to the court's finding and appellees' argument the definitions set forth in KRS 15.310, relating to the "Kentucky Law Enforcement Council," simply are not relevant to the issues raised herein. Although the definitions contained in that section specifically apply to KRS 15.410 through KRS 15.510, they do not in any way undertake to define either the term "local unit of government" or the term "police officer." Instead, for purposes of KRS 15.410 through KRS 15.510 the specific definitions of those terms, as set out in KRS 15.420(1) and (2), must alone be utilized to determine eligibility for participation in the KLEFP.

■ Appellees assert that because WKU's origins lie in privately-established schools which were supported by the local city and county governments prior to WKU's takeover by the state, for KLEFP purposes WKU is a "local unit of government" as defined in KRS 15.420(1). This contention is clearly frivolous and deserving of no additional discussion. Similarly, we are not persuaded by appellees' contention that the statutory scheme encompassed in KRS Chapter 15 somehow permits the statutory definition of "local unit of government" to include for KLEFP purposes a unit of state government such as WKU.

■ Moreover, we find no merit in appellees' contention that for KLEFP purposes they qualify as "police officers" as defined in KRS 15.420(2), as that definition specifically includes city and county police officers but excludes an extensive enumerated list of other peace officers plus "any other peace officer not specifically authorized in KRS 15.410 to KRS 15.510." Clearly, appellees are neither city nor county police officers. Hence, although they are not specifically mentioned in the enumerated list of excluded peace officers, they must be deemed to otherwise fall within the remaining scope of the statute's all-encompassing exclusionary phrase. Indeed, to conclude otherwise would require us to hold that the legislature intentionally neglected to specifically include appellees when defining qualified "police officers" in KRS 15.420(2). This we decline to do.

In summary, because WKU is a state institution of higher education rather than a "local unit of government" as defined in KRS 15.420(1), and because its campus police offi-

cers are not "police officers" as defined in KRS 15.420(2) for KLEFP purposes, we hold that the trial court erred by finding that appellees are eligible to participate in the KLEFP. We emphasize that in doing so, we are not unmindful of the importance of providing adequate compensation for campus police officers and all other law enforcement personnel. However, in order for us to conclude that appellees are entitled to participate in the KLEFP, we would be required to ignore unambiguous definitions which are set forth in the statute creating the KLEFP and which clearly limit eligibility to police officers of local units of government, thereby usurping by judicial fiat the legislature's prerogative to limit the persons who are eligible to participate in the KLEFP. This we decline to do, as we believe that the judicial branch of government is ill advised to undertake by judicial fiat the making of policy decisions regarding the funding of particular state programs. In our view, such decisions are properly reserved to the legislative branch of government.

For the reasons stated, the court's judgment is reversed and remanded with directions to enter an amended judgment consistent with our views.

All concur.